**F I L E D**

**UNITED STATES COURT OF APPEALS**

**November 29, 2005**

**TENTH CIRCUIT**

LAVAUGHN E. LEWIS,

    Petitioner - Appellant,

v.

RAY ROBERTS, Warden, El Dorado
Correctional Facility; PHIL KLINE,
Attorney General of the State of
Kansas,

    Respondents - Appellees.

No. 05-3096
(D.C. No. 04-CV-3019-JWL)
(D. Kan.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **O'BRIEN**, and, **TYMKOVICH**, Circuit Judges.[*]

Petitioner-Appellant LaVaughn E. Lewis, a state inmate appearing through

counsel, seeks a certificate of appealability ("COA") so that he may appeal the

district court's denial of his 28 U.S.C. § 2254 petition for habeas relief. Fed. R.

App. P. 22(b)(1); 10th Cir. R. 22.1; Aplt. Br. at 42. Because we determine that he

has not made "a substantial showing of the denial of a constitutional right," 28

---

[*] After examining the briefs and the appellate record, this three-judge panel
has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), we deny his request for a COA and dismiss his appeal.

Mr. Lewis was convicted by a jury in Kansas state court of aggravated indecent liberties with a child in violation of Kan. Stat. Ann. § 21-3504 and was sentenced to 180 months imprisonment. The conviction stemmed from a police report in August 1996, in which Mr. Lewis' then eight-year-old niece told the police that Mr. Lewis had rubbed her vaginal area three times while they were swimming together several days prior. On direct appeal, the Kansas Court of Appeals affirmed, Orig. R. II at 141-43, and the Kansas Supreme Court denied Mr. Lewis' petition for review.

In September 2001, Mr. Lewis filed a habeas corpus petition in Kansas state district court pursuant to Kan. Stat. Ann. § 60-1507. Mr. Lewis argued that he had been denied effective assistance of counsel because his trial counsel, court-appointed Michael D. Reed, failed (1) to consult with, or procure testimony from, an expert on child interviewing techniques, Orig. R. I at 32-35, and (2) to contact or interview witnesses relevant to Mr. Lewis' case, Orig. R. I at 26-32. At the same time, Mr. Lewis also filed a motion for a new trial pursuant to Kan. Stat. Ann. § 22-3501. He argued that the victim's alleged recantation of her trial testimony constituted newly discovered evidence entitling him to a new trial. Orig. R. I at 35-37. Upon Mr. Lewis' request, the state district court consolidated

his habeas petition and motion for a new trial. The state district court denied both grounds for relief after a full evidentiary hearing. See Orig. R. I at 114-21; Orig. R. II at 170-72. The Kansas Court of Appeals considered Mr. Lewis' claims for relief and affirmed. See Lewis v. State, 111 P.3d 636 (Kan. Ct. App. 2003).[2] The Kansas Supreme Court denied Mr. Lewis' petition for review.

Mr. Lewis then filed his federal habeas petition pursuant to 28 U.S.C. § 2254. In it, Mr. Lewis raised both ineffective assistance claims. He also challenged the factual determinations made by the state court in concluding that his trial counsel's performance did not constitute ineffective assistance. In addition, he argued that the cumulative effect of his trial counsel's errors rendered his assistance constitutionally ineffective.

The district court carefully considered each of Mr. Lewis' claims but denied relief as to all of them. R. Doc. 22. In order for this court to grant a COA, Mr. Lewis must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court has rejected a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that "reasonable jurists would find the district court's

---

[2] Previously filed as an unpublished opinion, the Supreme Court of Kansas granted a motion to publish pursuant to Rule 7.04 (2004 Kan. Ct. R. Annot. 47). The published version was filed with the Clerk of the Appellate Courts on April 29, 2005.

assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484.

Citing Jackson v. Ray, 390 F.3d 1254, 1259 (10th Cir. 2004), the district court recognized that the claims asserted by Mr. Lewis were presented to the Kansas Court of Appeals and denied by that court. As such, the district court could not properly issue a writ of habeas corpus unless it found that the state court adjudication resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or ... was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); Jackson, 390 F.3d at 1259. Federal courts evaluating § 2254 petitions must presume that state court factual findings are correct. See 28 U.S.C. § 2254(e)(1); see also Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). The habeas petitioner bears the burden of rebutting that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); see also, e.g., Darks v. Mullin, 327 F.3d 1001, 1007 (10th Cir.), cert denied, 124 S. Ct. 433 (2003). It is against these standards that the district court's denial of Mr. Lewis' petition must be assessed.

Having carefully reviewed Mr. Lewis' arguments, the Kansas Court of Appeals' opinion, the district court's thorough order rejecting the claims, and the

record on appeal, we conclude that reasonable jurists would not find the district court's resolution of the issues raised by Mr. Lewis fairly debatable. We conclude, therefore, that Mr. Lewis has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); <u>Slack</u>, 529 U.S. at 483-84.

Accordingly, we DENY a COA and DISMISS this appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge